IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>STEVE PYEATT,<br><br>Defendant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:05-CR-890 TC |

Defendant Steve Pyeatt moves for dismissal of the indictment against him for violation of his right to a speedy trial under 18 U.S.C. § 3161(c).  He seeks dismissal with prejudice, in accordance with 18 U.S.C. § 3162, contending that the government failed to bring him to trial within the seventy-day statutory period.  Although the court finds that a violation of the Speedy Trial Act occurred (seventy-eight days, or eight days over the statutory maximum, had elapsed when Pyeatt filed his motion to dismiss), the court dismisses the case without prejudice.

## FACTUAL BACKGROUND

On December 7, 2005, Steve Pyeatt was indicted on one count of "knowing and intentionally possess[ing] a list I chemical, phosphorus, knowing or having reason to believe that it will be used to manufacture methamphetamine, a Schedule II controlled substance." (Indictment (Dkt # 1).)  The indictment arose out of a search and arrest of Pyeatt on January 25, 2005, for violation of his parole agreement (Pyeatt had been convicted in state court for a drug offense involving methamphetamine).  On that same day, Pyeatt was taken back into state

custody.  On January 18, 2006, more than one month after his indictment and more than one year after his arrest by state authorities, Pyeatt appeared before a federal magistrate judge and elected to remain in state, rather than federal, custody.  He is still in state custody, purportedly in part because the Utah Board of Pardons and Parole has declined to release him on parole while federal charges are pending.

On February 15, 2006, Pyeatt filed a motion to suppress.  On June 15, 2006, the court issued an order denying the motion to suppress.  No other motions were filed.  Typically, the court sets a trial date at the same time it issues an order denying a motion to suppress.  Such a date acts as a triggering mechanism that reminds the United States to work within the Speedy Trial Act deadline.  But through inadvertence, on the part of all parties involved (government, defense, and the court), no trial date was set.

On August 4, 2006, Pyeatt filed a Motion to Dismiss Pursuant To 18 U.S.C. § 3161(c) For Speedy Trial Violation.

## ANALYSIS

The Speedy Trial Act, 18 U.S.C. § 3161 et seq., requires that a criminal defendant be tried within seventy days of the filing of the information or indictment or the defendant's appearance before a judicial officer, whichever comes later.  18 U.S.C. § 3161(c)(1).  In Pyeatt's case, the seventy day period began to run on January 18, 2006, when he appeared before the magistrate judge.  Based on a calculation of non-excluded days (following the requirements set forth in § 3161(h)), there is no dispute that Pyeatt was not brought to trial within the seventy day statutory period.

Eight days after the period expired, Pyeatt filed his motion to dismiss under 18 U.S.C.

2

§ 3162, which reads, in relevant part, as follows:

> If a defendant is not brought to trial within the time limit required by section 3161(c), the information or indictment <u>shall</u> be dismissed on motion of the defendant. . . . In determining <u>whether to dismiss the case with or without prejudice,</u> the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(2) (emphasis added).

Given the undisputed violation of the Act, the court must dismiss the indictment against Pyeatt.  But "[w]hile dismissal of the indictment is mandatory, the district court retains discretion to determine whether the indictment is dismissed with or without prejudice."  <u>United States v. Cano-Silva</u>, 402 F.3d 1031, 1034 (10th Cir. 2005).

**Seriousness of the offense**

Pyeatt is charged with a felony drug offense: possession of a list I chemical (phosphorus) with intent to manufacture methamphetamine.  The offense with which Pyeatt is charged is sufficiently serious to weigh in favor of dismissal without prejudice.  <u>See</u> <u>United States v. Saltzman</u>, 984 F.2d 1087, 1089, 1093 (10th Cir. 1993) ("Obtaining [pre-cursor chemical] with the intent to manufacture methamphetamine is a serious drug-related crime."). Although Pyeatt was convicted once before for manufacturing methamphetamine, the conviction was ten years ago, so this does not weigh in favor of the government.

**Facts and Circumstances Leading to Dismissal**

When analyzing the facts and circumstances leading to dismissal, "the court should focus 'on the culpability of the delay-producing conduct.'" <u>Saltzman</u>, 984 F.2d at 1093 (quoting <u>United States v. Hastings</u>, 847 F.2d 920, 925 (1st Cir. 1988)).  Here, the failure to bring Pyeatt to trial

3

within the seventy-day period was due to inadvertence.  And all parties involved, including the court, had a role in the oversight.  Certainly, "the Government bears the burden of ensuring the Defendant's speedy trial rights are not violated."  Id.  But there is nothing in the record showing an intentional delay or a pattern of dilatory conduct on the part of the United States Attorney's office.  And "'[a] defendant who waits passively while the time runs has less claim to dismissal with prejudice than does a defendant who demands, but does not receive, prompt attention.'"  Id. at 1093-94 (quoting United States v. Fountain, 840 F.2d 509, 513 (7th Cir. 1988)).  See also United States v. Wright, 6 F.3d 811, 814 (D.C. Cir. 1993) ("While the Government bears a large part of the responsibility for bringing a defendant to trial within the statutory period, the Act does not require the court to consider the Government's 'burden' in the prejudice inquiry.").

**Impact of a Re-Prosecution**

As for the third statutory factor, the court should consider "the prejudice suffered by the defendant from the delay."  Saltzman, 984 F.2d at 1094.

In this case, the delay was eight days.  The length of delay is relatively insignificant compared to other cases dealing with Speedy Trial Act violations.  See, e.g., United States v. Mancia-Perez, 331 F.3d 464, 470 (5th Cir. 2003) (holding that sixty-three day delay was not serious or severe); United States v. Williams, 314 F.3d 552, 560 (11th Cir. 2002) (holding that "minimal" eight-day delay required dismissal without prejudice, and if delay were calculated to be sixty-eight days, the violation "was not so substantial per se as to require dismissing the charges in the complaint with prejudice"); United States v. Wright, 6 F.3d 811, 813, 816 (D.C. Cir. 1993) (affirming dismissal without prejudice when statutory period was exceeded by seventeen days).

4

Pyeatt contends that the court should consider the amount of time he was held in custody before he was indicted (approximately eleven months).  He claims that the impact on the administration of justice weighs in his favor.  According to Pyeatt, he has been prejudiced because

> he has been held in limbo in the state prison system, [where] they are waiting on a determination of his federal case.  There is no prejudice to the Government if this matter is dismissed with prejudice because Pyeatt has essentially been punished for the alleged offense given all the time he has served in state custody because of this matter and the fact [that] it continues to remain unresolved. . . .

(Def.'s Mem. Supp. (Dkt # 35) at 4-5.)  At the hearing on the motion to dismiss, counsel for Pyeatt represented that the Utah Board of Pardons and Parole more likely than not would have released Pyeatt on parole by now if it were not for the pending federal charges.  But the time he has spent in custody is not necessarily attributable to the federal government—he was arrested and placed in custody for unrelated violations of his parole agreement.  And there is no way to determine what the Board would have done if Pyeatt had been indicted earlier[1] or brought to trial within the seventy-day period.  All that is clear is that Pyeatt was held in custody eight days beyond the Speedy Trial Act deadline.  That is simply not enough to justify dismissal with prejudice.  Moreover, nothing in the record suggests that Pyeatt's defense has been compromised by the delay.

### CONCLUSION

Based on a clear violation of the Speedy Trial Act, the case must be dismissed.  But, based on a balancing of the above factors, the court finds that dismissal without prejudice is

---

[1]There is no claim that the United States violated the Speedy Trial Act by indicting Pyeatt in December 2005.

warranted.  See Salzman, 984 F.2d at 1094 ("The [United States] Supreme Court . . . emphasizes

that dismissal without prejudice is not a toothless sanction but forces the Government to obtain a

new indictment and raises potential statute of limitations problems.")

### ORDER

For the reasons set forth above, it is hereby ORDERED that the Indictment against Steve

Pyeatt is DISMISSED WITHOUT PREJUDICE.

DATED this 30th day of August, 2006.

BY THE COURT:

TENA CAMPBELL
United States District Judge